FRANK DIMITRI *et al. vs.* PETER CIENCI & SON.
JUNE 27, 1918.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Negligence.  Damages.  Death by Wrongful Act.*

An action under Gen. Laws, R. I., 1909, cap. 283, § 14, of death by wrongful act, should be considered as though it were brought in behalf of the estate of the decedent for the damages to that estate caused by the death in question, and the purpose of the statute should be similarly construed whether decedent be of full age or a minor.

*Schnable* v. *Providence Public Market,* 24 R. I. 477, as to measurement of damages, overruled. This case was followed in *Powell* v. *Rousseau,* 38 R. I. 294, and *Russo* v. *R. I. Company,* 38 R. I. 323.

*(2)  Negligence.  Death by Wrongful Act.  Measure of Damages.*

In an action brought under Gen. Laws, R. I., 1909, cap. 283, § 14, for damages to the estate of a minor, the amount of his earnings during minority should not be considered in ascertaining the gross amount of his prospective income or earnings; unless it appears that during minority he had been emancipated in which case the amount of his earnings up to the time of his emancipation should not be considered in the computation, and with this exception the damages are measured by ascertaining the gross amount of the prospective income or earnings of decedent, based upon his expectancy of life, after deducting therefrom what decedent would have had to lay out as a producer to render services or to acquire the money or income that he might be expected to produce, computing such expenses according to his situation in life, his means and personal habits and then reducing the net result so obtained to its present value.

TRESPASS ON THE CASE for negligence. Certified on question of law.

SWEETLAND, J.  This is an action of trespass on the case for negligence to recover damages for the death of one Luigi Dimitri, alleged to have been caused by the wrongful neglect of defendants and their servants.

The plaintiffs allege that they are respectively the father and the mother and are all of the next of kin of said Luigi Dimitri deceased; that they are suing by force of the statute as the next of kin of said Luigi for the benefit of all of his next of kin; that no executor or administrator has been appointed to administer his estate; and that said Luigi at the time of his injury and death was twenty years, ten months and nineteen days old.  The case is before us solely

with reference to the proper measure of damages applicable thereto. The specific point is set forth in a question of law certified by the Superior Court to this court for determination. The question is as follows: "In a case of the character of the one herein are the damages to be measured by ascertaining the gross amount of the prospective income or earnings of the said Luigi Dimitri, the plaintiffs' intestate, based upon his expectancy of life after deducting therefrom what said deceased would have to lay out as a producer to render services or to acquire the money or income that he might be expected to produce, computing such expenses according to his situation in life, his means and personal habits and then reducing the net result so obtained to its present value?"

The defendants contend that as the deceased was a minor the damages recoverable are limited to the pecuniary loss which the father of said Luigi sustained by reason of being deprived of his child's services during the child's minority; and they rely upon the authority of *Schnable* v. *Providence Public Market*, 24 R. I. 477. That case has generally been followed in practice since its determination and has been approved in the later cases of *Powell* v. *Rousseau*, 38 R. I. 294, and *Russo* v. *Rhode Island Company*, 38 R. I. 323. *Schnable* v. *Providence Public Market* was an action brought by a father to recover under the statute for the death of his minor child, five years old, alleged to have been caused by the wrongful neglect of the defendant. In its opinion the court said: "In an action of this sort the parent can only recover the net value of the child's services during his minority."

The contention of the plaintiffs is that the rule for measuring damages in all cases brought under the statute to recover for the death of a person caused by the wrongful act, neglect or default of another, whether the deceased be a minor or an adult, is that laid down in *McCabe* v. *Narragansett Electric Lighting Co.*, 26 R. I. 427, as follows: "It is obvious, too, that the loss sustained by the plaintiff here is the present

value of the net result remaining after his personal expenses are deducted from his income or earnings. To ascertain this, it is, of course, necessary to ascertain first the gross amount of such prospective income or earnings, then to deduct therefrom what the deceased would have to lay out as a producer to render the service or to acquire the money that he might be expected to produce, computing such expenses according to his station in life, his means and personal habits, and then to reduce the net result so obtained to its present value." This rule has since been followed without exception in this State in every case brought under the statute to recover damages for the death of an adult. *Reynolds* v. *Narragansett Electric Lighting Co.*, 26 R. I. 457; *Sebille* v. *Dunn*, 99 Atl. 831, and many other unreported cases.

If the rule in the *McCabe* case is one of general application, appropriate in an action involving the death of a minor as well as in one to recover for the death of an adult, then the rule of the *Schnable* case and that of the *McCabe* case are clearly in conflict. Both actions were brought under the same statute, which statute is the foundation of the case at bar.

Prior to 1846 no action could be maintained at common law to recover for a death caused by the wrongful act of another. Then Parliament enacted the English statute 9 and 10 Victoria, Chapter 93, known as Lord Campbell's Act. This was "An Act for compensating the families of persons killed by accidents." As was pointed out in *Lubrano* v. *Atlantic Mills*, 19 R. I. 129, Lord Campbell's Act was not for the benefit of an estate but for the family. Said act provided that "The jury may give such damages as they may think proportionate to the injury resulting from such death to the parties respectively for whom or for whose benefit such action shall be brought." And it was provided that the amount recovered should be divided among said parties in such shares as the jury should direct. After Lord Campbell's Act the States of this country, generally, passed statutes providing for recovery against a person or persons causing

the death of another by wrongful act, neglect or default. The provisions of these acts differ widely. Some clearly have the same purpose as the English act. They give to the parties for whose benefit an action is provided pecuniary compensation for the loss which they have suffered through the death of the deceased. In others, the action provided may be regarded as one brought in behalf of the decedent's estate to recover the value of the decedent's life, with the provision that the amount recovered shall be distributed among certain named beneficiaries as the statute directs. Such distribution, however, is made without reference to any special pecuniary loss which the beneficiaries may have suffered by reason of the decedent's death. In 1853 the original Rhode Island statute, providing for a recovery on account of a death by wrongful act, was passed. This act has been amended and rearranged from time to time until when *Schnable* v. *Providence Public Market, supra,* was decided in 1902, it was substantially in the form in which it now appears as Section 14, Chapter 283, General Laws, 1909. Said section, so far as it relates to the question before us, is as follows: "Sec. 14. Whenever the death of a person shall be caused by the wrongful act, neglect, or default of another, and the act, neglect, or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, the person who, or the corporation which, would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. Every such action shall be brought by and in the name of the executor or administrator of such deceased person, whether appointed or qualified within or without the State, and the amount recovered in every such action shall one-half thereof go to the husband or widow, and one-half thereof to the children of the deceased, and if there be no children the whole shall go to the husband or widow, and, if there

be no husband or widow, to the next of kin, in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate: *Provided,* that every such action shall be commenced within two years after the.death of such person. If there is no executor or administrator, or if, there being one, no action is brought in his name within six months after the death, one action may be brought in the names of all the beneficiaries, either by all, or by part stating that they sue for the benefit of all, and stating their respective relations to the deceased."

The answer which should be given to the question before us depends upon the view we take as to the purpose of our statute. Is it intended to provide recovery in order to compensate the beneficiaries for the loss which they have suffered or is it an action in behalf of the decedent's estate? If the former, then the decision in the *Schnable* case is based upon a sound principle although perhaps not entirely in accord with the weight of authority in some particulars. Said decision appears to have been rendered after a consideration of a number of cases from other jurisdictions; which cases are cited in the opinion and are considered by the court as having been brought "under statutes similar to ours." It appears from an examination that such statutes are generally of the class which follows Lord Campbell's Act and provides for the recovery of compensation for the pecuniary loss which results from the decedent's death to the person or persons for whose benefit the action is brought.

In *McCabe* v. *Narragansett Electric Lighting Co.,* 27 R. I. 272, the court considered the plaintiff's motion for a re-argument after the opinion reported in 26 R. I. 427, *supra,* analyzed at length the provisions of our statute, and considered its nature and purpose. The court then reached the conclusion that our statute differs widely from Lord Campbell's Act and the Canada statute of the same kind; that an action under our statute "should be considered as though it were brought in behalf of the estate of the decedent for the damages to that estate caused by the death in question."

The reasoning upon which this conclusion is based appears to us to be sound and, as we have said above, it has been adopted without question in all later cases when the decedent has been of full age. Should a different view of the purpose of the statute be taken, when the decedent is a minor? The statute in its language makes no distinction, and in our opinion a difference in construction based upon a difference in the ages of decedents, would be entirely unwarranted. If in the case of a minor the recovery provided in the act is for damages to the minor's estate, as we believe it is, then we are forced to the conclusion that the rule for the measurement of damages stated in the *Schnable* case is based upon a misconception of the purpose of the act; for that rule proceeds upon the theory that the recovery by the parent is for the pecuniary loss which the parent has suffered by being deprived of the services of his minor child during that child's minority.

After a full consideration of the matter we have reached the opinion that the rule of *Schnable* v. *Providence Public Market* is erroneous; and that in so far as said case deals with the measurement of damages it should be overruled. *Sweet* v. *Providence & Springfield R. R. Co.*, 20 R. I. 785, was an action brought to recover damages caused by the death of a minor and was decided in 1890. In that case this court apparently took a position as to the purpose of the Rhode Island statute not in accord with the later opinion in *Schnable* v. *Providence Public Market;* for in the *Sweet* case the court held that the Carlisle Life Tables were properly introduced at the trial. If recovery is to be limited to damages caused by the loss of a child's services during minority then the child's expectancy of life is immaterial.

In the consideration of cases brought under statutes similar to ours, the courts in a number of jurisdictions have reached conclusions in accord with that which we have here expressed. *Nelson* v. *Branford Lighting and Water Co.*, 75 Conn. 548; *Warren* v. *Manchester Street Railway*, 70 N. H. 352; *Carney* v. *Concord Street Railway*, 72 N. H. 364; *Russell*

v. *Steamboat Co.*, 126 N. C. 961; *Tully* v. *P. W. & B. R. R.*, 3 Pennewill 455; *Chesapeake & O. Ry. Co.* v. *Hawkins*, 174 Fed. 597; *Chesapeake & O. Ry. Co.* v. *Lang's Admr.*, 100 Ky. 221; *L. & N. R. R. Co.* v. *Engleman's Admx.*, 146 Ky. 19; *De Amado* v. *Friedman*, 11 Ariz. 56; *Florida East Coast Ry. Co.* v. *Hayes*, 67 Fla. 101.

(2) As the deceased was a minor, the amount of his earnings during minority should not be considered in ascertaining the gross amount of his prospective income or earnings; unless it appears that during minority he had been emancipated, in which latter case the amount of his earnings up to the time of his emancipation should not be considered in the computation. For if he had lived, and had not been emancipated, such income or earnings would have belonged to his father until the minor reached the age of twenty-one years; hence the loss of earnings until that time forms no part of the damage to his estate, caused by his death.

With the proviso contained in the above suggestion we answer the question certified in the affirmative.

The papers in the case with this decision certified thereon are sent back to the Superior Court for further proceedings.

*Comstock & Canning. Henry C. Hart*, of counsel, for plaintiffs.

*John Henshaw*, for defendant.